IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 97-18 |
| | ) | (see Civil No. 15-1677) |
| EARL ROBERT CRUMB, | ) | |
| | ) | |
| Petitioner | ) | |

**O R D E R**

AND NOW, this 28th day of January, 2016, upon consideration of Petitioner Earl Robert Crumb's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Doc. No. 44), filed in the above-captioned matter on December 21, 2015,

IT IS HEREBY ORDERED that said motion is DISMISSED WITHOUT PREJUDICE to any right Petitioner may have to seek judicial review in the appropriate United States District Court once he has exhausted his administrative remedies with the United States Bureau of Prisons ("BOP"). IT IS FURTHER ORDERED that no certificate of appealability shall be issued because, for the reasons set forth herein, Petitioner has not made a substantial showing of the denial of a constitutional right.

Petitioner pled guilty to three counts of mailing threatening communications, in violation of 18 U.S.C. § 876, on May 22, 1997. On August 7, 1997, he was sentenced by this Court to 30 months' imprisonment and 3 years' supervised release. Subsequently, on May 9, 2002, the Court found that Petitioner had violated the conditions of his supervised release, revoked his supervised

1

release, and imposed a sentence of 24 months' imprisonment. However, according to Petitioner, he did not begin serving this sentence until October 7, 2015.[1] He claims that, in calculating his sentence, the BOP improperly failed to give him credit toward this sentence for time he spent in confinement between May 9, 2002, and November 12, 2002. There is no indication in Petitioner's motion that he has pursued any administrative remedies with the BOP.

Whatever merit Petitioner's claim may or may not have, this Court has no jurisdiction to adjudicate his claim. Although Petitioner has filed his motion pursuant to 28 U.S.C. § 2255, he is not actually challenging the legality of the sentence imposed by this Court upon revocation of his supervised release. Rather, he is challenging the BOP's administration of his sentence. "The authority to calculate and award credit against a sentence for time served pursuant to 18 U.S.C. § 3585(b) rests exclusively with the Attorney General, who acts through the BOP." United States v. Sanchez, 484 Fed. Appx. 701, 702 (3d Cir. 2012)(citing United States v. Wilson, 503 U.S. 329, 333-35 (1992)). The sentencing court has no such authority. See id. Accordingly, a Section 2255 motion is not the proper vehicle for challenging the BOP's calculation of a sentence. Rather, it is 28 U.S.C. § 2241 that confers habeas jurisdiction to adjudicate a claim regarding the execution, rather than the validity, of a federal sentence. See Eiland v. Warden Fort Dix FCI, 2015 WL 8598576, No. 15-2517, at *2 (3d Cir. Dec. 14, 2015)(citing Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001)). This includes the calculation of time credited toward the service of the sentence. See Mbengo v. Millward, 2008 WL 2850184, Civ. No. 06-1208, at *4 (W.D. Pa. July 23, 2008). Petitioner's motion, which challenges the calculation of his revocation sentence, must therefore be brought under Section 2241. Jurisdiction to consider such a motion lies, not with the sentencing court, but with the court for the district in which the

---

[1] It appears that Petitioner first served consecutive sentences imposed by the Fayette County Court of Common Pleas at Case Nos. CP-26-CR-695-2002 and CP-26-CR-757-2002.

prisoner is confined, which in this case would appear to be the United States District Court for the District of West Virginia. See Rumsfeld v. Padilla, 542 U.S. 426, 442-43 (2004).

Therefore, this Court lacks jurisdiction to consider Petitioner's claim. Moreover, even if Petitioner had filed his claim in the proper court, his claim is insufficient because a prisoner can only seek judicial review of the BOP's calculation of his sentence pursuant to Section 2241 after exhausting his administrative remedies. See Eiland, 2015 WL 8598576, at *2; Sanchez, 484 Fed. Appx. at 702. The BOP has an extensive Administrative Remedy Program, see, e.g., Ness v. United States, 2009 WL 2778424, Civ. No. 09-3722, at *4 (D. N.J. Aug. 31, 2009), and Petitioner provides no indication what, if any, relief he has sought or obtained pursuant to this program. Because Petitioner's motion, therefore, fails to establish the threshold requirement of exhaustion of administrative remedies, transfer of his motion to the District of West Virginia is not warranted. See Stanton v. United States, 2014 WL 1665203, No. 3:13-cv-1446, at *2 (M.D. Tenn. Apr. 25, 2014). See also Eiland, 2015 WL 8598576, at *2.

Accordingly, the Court will dismiss Petitioner's motion, but will do so without prejudice to any right he may have to judicial review in the proper United States District Court after adequately exhausting his administrative remedies. Moreover, because this Court has no jurisdiction, it does not reach the merits of Petitioner's claims, and there would be no basis for issuing a certificate of appealability, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

                                                                      s/Alan N. Bloch
                                                                      Alan N. Bloch
                                                                      United States District Judge

ecf:   Counsel of Record

cc:    Earl Robert Crumb
       Reg. No. 05952-068
       FCI Hazleton
       P.O. Box 5000
       Bruceton Mills, WV 26525